**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50130 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00221-DOC-1 |
| v. | |
| JAEL SARAI OROZCO AHUMADA, AKA Jael Sarai Orozco, AKA Tammy Marie Rodriguez Sierra, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted August 7, 2015[**]
Pasadena, California

Before: SILVERMAN, SACK[***], and WARDLAW, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Robert D. Sack, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Jael Sarai Orozco Ahumada appeals her jury convictions for knowingly and willfully making a false statement to obtain a United States passport, and using a passport obtained by false statement, in violation of the first and second paragraphs of 18 U.S.C. § 1542. Ahumada challenges the district court's denial of her proposed diminished capacity jury instruction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion, *United States v. Christian*, 749 F.3d 806, 810 (9th Cir. 2014), when it rejected the diminished capacity instruction. Diminished capacity is a defense to specific intent crimes; it allows a defendant to argue she was mentally incapable of forming the culpable state of mind of the charged crime. *United States v. Twine*, 853 F.2d 676, 678-79 (9th Cir. 1988). Here, the district court held that 18 U.S.C. § 1542 was a crime requiring specific intent. We have recently clarified that violations of the first and second paragraphs of 18 U.S.C. § 1542 require only general intent. *United States v. Ye*, No. 12-10576, 2015 WL 4153634 (9th Cir. July 10, 2015). Ahumada therefore was not entitled to assert diminished capacity as a defense. However, the jury convicted Ahumada even though the government was held to a higher standard than was proper, as we have now clarified, and thus the error, if any, was harmless.

Even if she were entitled to the defense, it lacked evidentiary support. *See United States v. Escobar de Bright*, 742 F.2d 1196, 1198 (9th Cir. 1984). Ahumada testified that she knowingly used false statements to obtain a United States passport, and that—by her own choice—she used that passport to travel between Mexico and the United States. Ahumada's own forensic psychologist testified that she was able to think logically and coherently about her choices, despite her dependent personality and generalized anxiety disorders. Ahumada's expert research consultant testified that while her church, La Luz Del Mundo, had many rules and placed great emphasis on attending the religious festival, La Santa Cena, in Guadalajara, it did not force its members to attend. Ahumada's father-in-law also testified that the church was not a "dictatorship." Ahumada fails to point to any record evidence that she was unable to form the culpable state of mind of the charged crimes. Finally, the jury instructions given by the district court adequately encompassed Ahumada's defense theory.

**AFFIRMED.**